FILED UNDER SEAL – CONFIDENTIAL OUTSIDE AEO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CA, INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>NETLFIX, INC.,<br><br>Defendant. | Case No. 2:21-cv-00080-JRG-RSP<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

## DECLARATION OF EMILY A. HASSELBERG IN SUPPORT OF DEFENDANT NETFLIX, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

1677496

FILED UNDER SEAL – CONFIDENTIAL OUTSIDE AEO

I, Emily A. Hasselberg, declare as follows:

1. I am an attorney licensed to practice in the State of California and an associate at the law firm of Keker, Van Nest & Peters LLP, counsel of record for Defendant Netflix, Inc. (hereinafter "Netflix") in this action. I submit this declaration in support of Netflix's Motion to Dismiss for Improper Venue, or in the Alternative, Transfer to the Northern District of California. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them under oath if called as a witness.

2. On March 13, 2020, Avago Technologies International Sales Pte. Limited ("Avago") and Broadcom Corp. (collectively, "Broadcom") sued Netflix in the Central District of California, alleging that Netflix infringed nine patents.

3. On June 8, 2020, Netflix moved to dismiss four patents on the basis of 35 U.S.C. § 101 and moved to transfer the case from the Central District of California to the Northern District of California.

4. Attached hereto as **Exhibit 1** is a true and correct copy of the declaration from David Ronca that Netflix filed in support of its motion to transfer in that case.

5. On June 22, 2020, Broadcom filed an amended complaint, alleging that Netflix infringed three additional patents: U.S. Patent Nos. 7,457,722 (the '722 patent) 8,365,183 (the '183 patent); and 8,548,976 (the '976 patent).

6. Attached hereto as **Exhibit 2** is a true and correct copy of the assignment abstract for the '722 patent, which I obtained on May 15, 2021 from the USPTO Patent Assignment Search website (https://assignment.uspto.gov/patent/index.html#/patent/search/resultAbstract?id=7457722

&type=patNum).  It shows that the '722 patent was assigned from CA, Inc. ("CA") to Avago on June 19, 2020.

7. Attached hereto as **Exhibit 3** is a true and correct copy of the assignment abstract for the '183 patent, which I obtained on May 15, 2021 from the USPTO Patent Assignment Search website (https://assignment.uspto.gov/patent/index.html#/patent/search/resultAbstract?id=8365183&type=patNum).  It shows that the '183 patent was assigned from CA to Avago on June 19, 2020.

8. Attached hereto as **Exhibit 4** is a true and correct copy of the assignment abstract for the '976 patent, which I obtained on May 15, 2021 from the USPTO Patent Assignment Search website (https://assignment.uspto.gov/patent/index.html#/patent/search/resultAbstract?id=8548976&type=patNum ).  It shows that the '976 patent was assigned from CA to Avago on June 19, 2020.

9. On July 10, 2020, United States District Judge Selna granted Netflix's motion to transfer the *Broadcom v. Netflix* case to the Northern District of California, and the case was assigned to Judge Donato.

10. On September 10, 2020, Netflix re-filed its motion to dismiss on the basis of 35 U.S.C. § 101 in the Northern District of California.  Judge Donato held a hearing on that motion on December 22, 2020.  That motion remains pending.  The parties have begun discovery and exchanged terms for claim construction, and their joint claim construction memorandum is due May 18, 2021.

11. Avago and CA sued Netflix in the Eastern District of Texas, asserting that Netflix infringes five patents, on March 9, 2021.  The Court granted two unopposed applications for an extension of time for Netflix to respond to the Complaint.

FILED UNDER SEAL – CONFIDENTIAL OUTSIDE AEO

12. According to the Google Maps website, Marshall, Texas is approximately 1,842 miles from Los Gatos, California. A true and correct copy of the Google Maps website with this information is attached hereto as **Exhibit 5**.

13. Attached hereto as **Exhibit 6** is a true and correct, excerpted copy of Broadcom, Inc.'s 2020 Annual Report on Form 10-K, which I obtained from:

https://investors.broadcom.com/financial-information/annual-reports on May 15, 2021.

14. On information and belief, and based on publicly available sources, attached hereto as **Exhibit 7** is a true and correct copy of the Texas Franchise Tax Account Status of Avago.

15. On information and belief, and based on publicly available sources, attached hereto as **Exhibit 8** is a true and correct copy of the Texas Franchise Tax Account Status of CA Technologies, LLC.

16. On information and belief, and based on publicly available sources, attached hereto as **Exhibit 9** is a true and correct copy of the Texas Franchise Tax Account Status of CA Technologies, Ltd.

17. On information and belief, "CA, Inc." is not a business registered with the Texas Office of the Comptroller.

18. Based on searches of publicly available information and commercial databases, and to the best of my knowledge, four named inventors of the patents asserted by Avago and CA against Netflix in the Eastern District of Texas reside in the Northern District of California. Specifically, on information and belief:

   i) ███████████████████████████████████
███████████

1677496

FILED UNDER SEAL – CONFIDENTIAL OUTSIDE AEO

ii) ███████████████████████████████████

iii) ██████████████████████████████

███████████

iv) ██████████████████████████████

███████████

19. Based on searches of publicly available information and commercial databases, and to the best of my knowledge, six attorneys who prosecuted the asserted patents reside in the Northern District of California. Specifically, on information and belief:

- ███████████████████████████████████
- ████████████████████████
- ██████████████████████
- ███████████████████████████
- █████████████████████████████
- █████████████████████████████

20. Based on searches of publicly available information and commercial databases, and to the best of my knowledge, four potential prior-art witnesses reside in the Northern District of California. Specifically, on information and belief:

- ███████████████████████████████████████ ████████████████████████
- ███████████████████████████████████████ ██████████████████████
- ███████████████████████████████████████ ████████████████

FILED UNDER SEAL – CONFIDENTIAL OUTSIDE AEO

[REDACTED]

21. The "Contact" page of Docker, Inc.'s website identifies its location as Palo Alto, CA. The page is available at https://www.docker.com/company/contact. A true and correct copy of a printout of the profile is attached hereto as **Exhibit 10**. On information and belief, and based on publicly available information, the location listed is Docker's headquarters.

22. The caseload statistics for the United States District Courts, as of March 2020, is available at https://www.uscourts.gov/statistics-reports/analysis-reports/federal-court-management-statistics. A true and correct, excerpted copy of that information is attached hereto as **Exhibit 11**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in San Francisco, California, on May 17, 2021.

_____
EMILY A. HASSELBERG

1677496