**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CA, INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant. | No. 2:21-cv-00080-JRG-RSP<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**NETFLIX, INC.'S ANSWER TO COMPLAINT**

Defendant Netflix, Inc. ("Netflix") demands a trial by jury on all issues so triable and hereby answers the Original Complaint for Patent Infringement (the "Complaint") filed by Plaintiffs CA, Inc. and Avago Technologies International Sales Pte. Limited (collectively, "CA"). Except as expressly admitted herein, Netflix denies the allegations in the Complaint. Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.

## INTRODUCTION

Netflix admits that CA purports to allege an action for infringement of five United States patents: U.S. Patent Nos. 7,103,794 (the "'794 Patent"); 8,656,419 (the "'419 Patent"); 8,646,014 (the "'014 Patent"); 9,402,098 (the "'098 Patent"); and 10,911,938 (the "'938 Patent") (collectively, the "Patents-in-Suit"). Netflix denies the allegation of infringement.

## PARTIES

1. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

2. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

3. Netflix admits that Netflix is a Delaware corporation that maintains its principal place of business at 100 Winchester Circle, Los Gatos, 95032.

4. Netflix admits that it has been a registered business in Texas for nearly twenty years. Netflix denies all remaining allegations of this paragraph.

5. Netflix admits that it may be served through its registered agent for service of process in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Netflix admits that it provides digital video streaming services. Netflix denies all remaining allegations of this paragraph.

## JURISDICTION

7. Netflix admits that this purports to be an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, § 1 et. seq., including 35 U.S.C. §§ 271, 281–285. Netflix admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States.

8. This paragraph sets forth a legal conclusion regarding personal jurisdiction to which no response is required—and on that basis, Netflix denies the allegations contained therein. Netflix denies all remaining allegations of this paragraph.

## VENUE

9. Denied. Netflix timely moved to dismiss for improper venue, or, in the alternative, transfer ("motion to dismiss") on May 17, 2021. On September 27, 2021, the Court issued a Report & Recommendation recommending that the motion to dismiss be denied. On October 5, 2021, Netflix timely filed objections to the Report & Recommendation. On October 25, 2021, the Court adopted the Report & Recommendation and denied the motion to dismiss. On November 1, 2021, Netflix petitioned the U.S. Court of Appeals to the Federal Circuit for a writ of mandamus on the Court's decision to deny Netflix's motion to dismiss. The petition remains pending. Netflix hereby reasserts and preserves its objection to venue.

10. Netflix admits that it is a multinational company that provides subscription video streaming services. Netflix denies all remaining allegations of this paragraph.

11. Netflix admits that it operates a global content delivery network ("CDN") but denies the allegations of this paragraph insofar as they purport to characterize said network. Netflix admits that the quoted language appears at the website cited in this paragraph.

12. Netflix denies this paragraph's characterization of Netflix's CDN and Open Connect Appliances ("OCAs"). Netflix admits that the quoted language appears at the websites cited in this paragraph.

13. Denied.

14. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the reproduced image in this paragraph and, on that basis, denies what the image purports to allege.

15. Denied.

16. Netflix admits that the quoted material appears at the websites cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

17. Denied.

18. Denied.

## **BACKGROUND**

19. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

20. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

21. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

22. Netflix admits that it was founded in 1997 and that it initially sold and rented DVDs of movies through the mail. Netflix admits that it debuted a monthly subscription service for DVDs rentals in 1999. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize Netflix's business and service.

23. Netflix admits that it achieved profitability for the first time in 2003 and that it recorded revenues of $272.2 million and a net profit of $6.5 million that year. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies the allegations.

24. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

25. Denied.

26. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

27. The allegations characterizing the features of Netflix's streaming service are either too vague or ambiguous to admit or deny and, on that basis, Netflix denies those allegations. Netflix denies the remaining allegations of this paragraph.

28. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Broadcom and its subsidiaries' sales practices and, on that basis, denies those allegations. Netflix denies that it has caused or continues to cause harm to Plaintiffs and denies that it has damaged Broadcom and its subsidiaries' set-top-box business. Netflix also denies the remaining allegations of this paragraph.

29. Denied.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,103,794**

30. Netflix incorporates by reference its responses to the paragraphs above.

31. Netflix admits that the ’794 Patent on its face is titled “Network Object Cache Engine.” Netflix admits that the ’794 Patent on its face bears an issuance date of September 5, 2006 from a patent application file date of June 8, 1998, and lists Michael Malcolm and Robert Zarnke as the named inventors. Netflix denies that the Patent was duly or legally issued. Netflix admits that a copy of the ’794 Patent purports to be attached to the Complaint as Exhibit A.

32. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

33. Netflix denies the allegations of this paragraph insofar as they purport to characterize the subject matter and scope of the ’794 Patent.

34. Netflix admits that the quoted language appears in the ’794 Patent. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize the subject matter and scope of the ’794 Patent.

35. Netflix admits that the quoted language appears in the ’794 Patent. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize the subject matter and scope of the ’794 Patent.

36. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

37. Denied.

38. Denied.

39. Netflix admits that the quoted language appears in the ’794 Patent.

40. Denied.

41. Netflix admits that the reproduced diagram appears at the website cited in this paragraph. Netflix denies the characterization of this diagram as well as all remaining allegations of this paragraph.

42. Netflix admits that the quoted language appears at the website cited in this paragraph. But the paragraph's allegations characterizing Netflix's technology are either too vague or ambiguous to admit or deny and, on that basis, Netflix denies those allegations.

43. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

44. Netflix admits that the quoted language appears at the website cited in this paragraph. But the paragraph's allegations characterizing Netflix's technology are either too vague or ambiguous to admit or deny and, on that basis, Netflix denies those allegations.

45. The paragraph's allegations characterizing Netflix's technology are either too vague or ambiguous to admit or deny and, on that basis, Netflix denies those allegations. Netflix denies all remaining allegations of this paragraph.

46. Denied.

47. Netflix denies the allegations of this paragraph insofar as they purport to characterize Netflix's service and/or technology.

48. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

49. The paragraph's allegations characterizing Netflix's technology are either too vague or ambiguous to admit or deny and, on that basis, Netflix denies those allegations.

50. Netflix admits that the quoted language appears at the websites cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

51. Denied.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,656,419**

52. Netflix incorporates by reference its responses to the paragraphs above.

53. Netflix admits that the ’419 Patent on its face is titled “Dynamic Distributed Evaluator.” Netflix admits that the ’419 Patent on its face bears an issuance date of February 18, 2014 from a patent application file date of July 2, 2009, and lists Raymond R. Medeiros, II, Robert E. Hucik, Beau Croteau, and Gregory L. Bodine as the named inventors. Netflix denies that the Patent was duly or legally issued. Netflix admits that a copy of the ’419 Patent purports to be attached to the Complaint as Exhibit B.

54. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

55. Netflix admits that the quoted language appears in the ’419 Patent. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize the subject matter and scope of the ’419 Patent.

56. Netflix denies the allegations of this paragraph insofar as they purport to characterize the subject matter and scope of the ’419 Patent.

57. Denied.

58. Denied.

59. Netflix admits that the quoted language appears in the ’419 Patent.

60. Denied.

61. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize Netflix’s service and/or technology.

62. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

63. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

64. Netflix admits that the quoted language appears at the website cited in this paragraph. But the paragraph's allegations characterizing Netflix's technology are either too vague or ambiguous to admit or deny and, on that basis, Netflix denies those allegations.

65. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

66. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

67. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the processors in each EC2 instance and, on that basis, denies those allegations. Netflix denies all remaining allegations of this paragraph.

68. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

69. Denied.

70. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

71. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

72. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

73. Denied.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,646,014**

74. Netflix incorporates by reference its responses to the paragraphs above.

75. Netflix admits that the ’014 Patent on its face is titled “Multistream Video Communication with Staggered Assess Points.” Netflix admits that the ’014 Patent on its face bears an issuance date of February 4, 2014 from a patent application file date of May 24, 2013, and lists Alexander MacInnis as the named inventor. Netflix admits that the ’014 Patent on its face appears to claim a priority date of March 26, 2004. Netflix denies that the Patent was duly or legally issued. Netflix admits that a copy of the ’014 Patent purports to be attached to the Complaint as Exhibit C.

76. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

77. Netflix admits that the quoted language appears in the ’014 Patent. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize the subject matter and scope of the ’014 Patent.

78. Netflix admits that the quoted language appears in the ’014 Patent. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize the subject matter and scope of the ’014 Patent.

79. Denied.

80. Netflix admits that the quoted language appears in the ’014 Patent.

81. Denied.

82. Netflix admits that subscribers can access the Netflix service using the Netflix application, which can be used on a wide variety of devices. Netflix admits that the Netflix application allows Netflix subscribers to choose from thousands of video titles in Netflix's catalog. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies that it uses the patented technology of the '014 Patent. The remaining allegations of this paragraph are either too vague or ambiguous to admit or deny and, on that basis, Netflix denies those allegations.

83. Netflix admits that the quoted language and reproduced diagram appears at the websites cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

84. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

85. Denied.

86. Denied.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,402,098**

87. Netflix incorporates by reference its responses to the paragraphs above.

88. Netflix admits that the '098 Patent on its face is titled "Fast Channel Change." Netflix admits that the '098 Patent on its face bears an issuance date of July 26, 2016 from a patent application file date of February 25, 2014, and lists Alexander Garland MacInnis as the named inventor. Netflix admits that the '098 Patent on its face appears to claim priority to Application No. 10/926,374, filed on August 25, 2004, and to Provisional Application No. 60/556,667, filed on March 26, 2004. Netflix denies that the Patent was duly or legally issued. Netflix admits that a copy of the '098 Patent purports to be attached to the Complaint as Exhibit D.

89. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

90. Netflix denies the allegations of this paragraph insofar as they purport to characterize the subject matter and scope of the ’098 Patent.

91. Netflix admits that the quoted language appears in the ’098 Patent. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize the subject matter and scope of the ’098 Patent.

92. Denied.

93. Denied.

94. Netflix admits that the quoted language appears in the ’098 Patent.

95. Denied.

96. Netflix denies that it has implemented the patented methods of the ’098 Patent. The remaining allegations of this paragraph regarding Netflix’s CDN are either too vague or ambiguous to admit or deny and, on that basis, Netflix denies those allegations.

97. Denied.

98. Denied.

99. Netflix admits that the quoted language and reproduced diagram appear at the websites cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

100. Netflix admits that the quoted language appears at the website cited in this paragraph.

101. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

102. Denied.

103. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies all remaining allegations of this paragraph.

104. Denied.

105. Denied.

**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 10,911,938**

106. Netflix incorporates by reference its responses to the paragraphs above.

107. Netflix admits that the ’938 Patent on its face is titled “Method and System for a Networked Self-Configuring Communication Device Utilizing User Preference Information.” Netflix admits that the ’938 Patent on its face bears an issuance date of February 2, 2021 from a patent application file date of March 30, 2020, and lists Jeyhan Karaoguz, Arya Behzad, Mark Buer, Alexander G. MacInnis, Thomas Quigley, and John Walley as the named inventors. Netflix admits that the ’938 Patent on its face appears to claim a priority date of June 12, 2007. Netflix denies that the Patent was duly or legally issued. Netflix admits that a copy of the ’938 Patent purports to be attached to the Complaint as Exhibit E.

108. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

109. Denied.

110. Netflix admits that the quoted language appears in the ’098 Patent.

111. Denied.

112. Netflix admits that the quoted language appears in the ’098 Patent. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize the subject matter and scope of the ’098 Patent.

113. Denied.

114. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the reproduced images in this paragraph and on that basis denies them. The remaining allegations of this paragraph regarding Netflix's service are either too vague or ambiguous to admit or deny and, on that basis, Netflix denies those allegations.

115. The allegations characterizing the ability of Netflix subscribers to view Netflix's service are either too vague or ambiguous to admit or deny and, on that basis, Netflix denies those allegations. Netflix denies the remaining allegations of this paragraph.

116. Netflix admits that the reproduced diagram appears at the website cited in this paragraph. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize Netflix's service and/or technology.

117. Netflix denies the allegations of this paragraph insofar as they purport to characterize Netflix's service and/or technology.

118. Netflix denies the allegations of this paragraph insofar as they purport to characterize Netflix's service and/or technology.

119. Denied.

120. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize Netflix's service and/or technology.

121. Netflix admits that the quoted language appears at the website cited in this paragraph. Netflix denies the remaining allegations of this paragraph insofar as they purport to characterize Netflix's service and/or technology.

122. Netflix denies the allegations of this paragraph insofar as they purport to characterize Netflix's service and/or technology.

123. Denied.

124. Denied.

## ANSWER TO PRAYER FOR RELIEF

WHEREFORE, Netflix denies that Plaintiffs are entitled to any relief requested in their Prayer for Relief in the Complaint. Netflix therefore requests that the Court enter judgment in Netflix's favor and against Plaintiffs on all of Plaintiffs' claims; that the Court declare that all patents-in-suit are invalid, unenforceable, and not infringed by Netflix; that the Court award Netflix its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Netflix such other further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Subject to the responses above, Netflix alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. All defenses are pled in the alternative and do not constitute an admission of liability or that Plaintiffs are somehow entitled to any relief whatsoever. In addition to the defenses listed below, Netflix specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

Plaintiffs' claims in relation to the patents-in-suit all fail to state a claim upon which relief can be granted for at least the reasons set forth in the motion to dismiss filed by Netflix in this matter.

**SECOND AFFIRMATIVE DEFENSE**

**(INVALIDITY)**

One or more of the claims of the patents-in-suit are invalid for failure to satisfy the conditions of patentability set forth in the Patent Act, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

**(NONINFRINGEMENT OF THE PATENTS)**

Netflix has not infringed and does not infringe any valid enforceable claim of the patents-in-suit, literally or under the doctrine of equivalents, indirectly, willfully, alone or jointly with third parties.

**FOURTH AFFIRMATIVE DEFENSE**

**(ACQUIESCENCE, ESTOPPEL, WAIVER, AND/OR LACHES)**

Upon information and belief, Plaintiffs' claims and the relief sought in relation to the patents-in-suit are barred in whole or in part by the equitable doctrines of acquiescence, estoppel, waiver, and/or laches. For example, Plaintiffs unreasonably waited for many years to file this suit against Netflix despite being aware of and familiar with the accused Netflix technology for more than a decade.

**FIFTH AFFIRMATIVE DEFENSE**

**(PROSECUTION HISTORY ESTOPPEL)**

Plaintiffs' claims in relation to the patents-in-suit are barred in whole or in part by the doctrine of prosecution history estoppel. For example, Plaintiffs are precluded from invoking the doctrine of equivalents to broaden the scope of their claims to cover subject matter ceded by arguments and/or amendments made during original prosecution of the patents-in-suit.

**SIXTH AFFIRMATIVE DEFENSE**

**(REDUCED DAMAGES)**

Plaintiffs' damages are limited or unavailable pursuant to 35 U.S.C. §§ 271, 286, 287, and/or 288.

**SEVENTH AFFIRMATIVE DEFENSE**

**(NO INJUNCTIVE RELIEF)**

Plaintiffs are not entitled to injunctive relief because they have an adequate remedy at law and, upon information and belief, otherwise cannot satisfy the requirements for injunctive relief. In particular, Plaintiffs will not suffer any irreparable harm, and the balance of the hardships favors Netflix under these circumstances. In addition, Plaintiffs unreasonably waited for many years to file this suit against Netflix despite being aware of and familiar with the accused Netflix technology for over a decade, and do not compete with Netflix.

**EIGHTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MARK)**

Plaintiffs are not entitled to pre-suit damages under 35 U.S.C. § 287 because, upon information and belief, Plaintiffs and/or their licensee(s) did not mark previously sold articles that allegedly practiced the patents-in-suit. For example, Plaintiffs failed to mark their allegedly practicing products and Plaintiffs' licensees failed to properly mark their licensed products with any of the patent numbers of licensed patents-in-suit.

**NINTH AFFIRMATIVE DEFENSE**

**(PATENT MISUSE)**

Plaintiffs' claims are barred by the doctrine of patent misuse because Plaintiffs are attempting to use the patents-in-suit to restrain trade beyond enforcing the exclusive rights that a lawfully obtained patent provides.

## NETFLIX'S COUNTERCLAIMS

Counter-Claimant Netflix counterclaims against Counter-Defendants CA and Avago (collectively, "CA") as follow

1. Netflix sets forth by reference Paragraphs 1 through 124 of its Answer to Plaintiffs' Complaint, as well as its Affirmative Defenses to the Complaint, in their entirety as if fully set forth herein.

## NATURE OF THE ACTION

2. This action arises under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Netflix seeks an order declaring that Netflix does not infringe any valid claim of U.S. Patent Nos. 7,103,794 (the "'794 Patent"); 8,656,419 (the "'419 Patent"); 8,646,014 (the "'014 Patent"); 9,402,098 (the "'098 Patent"); and 10,911,938 (the "'938 Patent") (collectively, the "Patents-in-Suit").

## PARTIES

3. Netflix is a Delaware corporation that maintains its principal place of business and global headquarters at 100 Winchester Circle, Los Gatos, California 95032.

4. Pursuant to the allegations in its Complaint, CA is a Delaware corporation that maintains its principal place of business at 1320 Ridder Park Drive, San Jose, California 95131. CA is an indirect subsidiary of Broadcom, Inc.

5. Pursuant to the allegations in its Complaint, Avago is a Singapore corporation that maintains an office at 1320 Ridder Park Drive, San Jose, California 95131. Avago is also an indirect subsidiary of Broadcom, Inc.

## JURISDICTION AND VENUE

6. This Court has jurisdiction for the declaratory relief counterclaims under Title 35 of the United States Code, as well as under 28 U.S.C §§ 1331, 1338, 2201, and 2202.

7. This Court has personal jurisdiction over CA because CA is litigating its Complaint in this Court.

8. This Court held that venue was proper in the underlying patent suit brought by CA. While Netflix contests that decision, incorporates by reference its answer to paragraph 9 of the Complaint, and thereby reasserts and preserves its objection to venue, declaratory judgment claims are properly brought as counterclaims in the venue in which the underlying patent suit is brought.

## FACTUAL BACKGROUND

9. On March 9, 2021, CA filed a Complaint (the "Complaint") in this action against Netflix alleging, *inter alia*, that it is the owner of the Patents-in-Suit and that Netflix has purportedly infringed and/or is currently infringing those patents.

10. Netflix denies all of CA's claims of patent infringement, and avers that the Patents-in-Suit and each of their asserted claims are invalid.

11. There exists a substantial and actual controversy between Netflix and CA of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the non-infringement by Netflix and the invalidity of the Patents-in-Suit.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,103,794 ("794 PATENT"))

12. The preceding paragraphs are incorporated here by reference.

13. Netflix does not and has not infringed any asserted claim of the '794 patent in any manner.

14. As a result of CA's actions and statements, including the filing of the Complaint and its allegations that Netflix infringes one or more enforceable claim of the '794 patent, there exists an actual, continuing, justiciable case or controversy between Netflix and CA as to whether the '794 patent is infringed by Netflix.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Netflix is entitled to a judgment finding that the '794 patent is not infringed by Netflix.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,103,794 ("794 PATENT"))**

16. The preceding paragraphs are incorporated here by reference.

17. The claims of the '794 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, including because the alleged invention thereof lacks utility; attempts to claim patent-ineligible subject matter; is taught by, suggested by, and/or, obvious in view of, the prior art; is indefinite; and/or is not adequately supported by the written description of the patented invention.

18. As a result of CA's actions and statements, including the filing of the Complaint and its allegations that Netflix infringes one or more valid and enforceable claims of the '794 patent, there exists an actual, continuing, justiciable case or controversy between Netflix and CA as to whether the '794 patent is infringed by Netflix.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Netflix is entitled to a judgment finding that every claim of the '794 patent is invalid and unenforceable.

**THIRD COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,656,419 ("419 PATENT"))**

20. The preceding paragraphs are incorporated here by reference.

21. Netflix does not and has not infringed any asserted claim of the '419 patent in any manner.

22. As a result of CA's actions and statements, including the filing of the Complaint and its allegations that Netflix infringes one or more enforceable claim of the '419 patent, there exists an actual, continuing, justiciable case or controversy between Netflix and CA as to whether the '419 patent is infringed by Netflix.

23. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Netflix is entitled to a judgment finding that the '419 patent is not infringed by Netflix.

**<u>FOURTH COUNTERCLAIM</u>**
**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,656,419 ("419 PATENT"))**

24. The preceding paragraphs are incorporated here by reference.

25. The claims of the '419 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, including because the alleged invention thereof lacks utility; attempts to claim patent-ineligible subject matter; is taught by, suggested by, and/or, obvious in view of, the prior art; is indefinite; and/or is not adequately supported by the written description of the patented invention.

26. As a result of CA's actions and statements, including the filing of the Complaint and its allegations that Netflix infringes one or more valid and enforceable claims of the '419 patent, there exists an actual, continuing, justiciable case or controversy between Netflix and CA as to whether the '419 patent is infringed by Netflix.

27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Netflix is entitled to a judgment finding that every claim of the '419 patent is invalid and unenforceable.

**<u>FIFTH COUNTERCLAIM</u>**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,646,014 ("014 PATENT"))**

28. The preceding paragraphs are incorporated here by reference.

29. Netflix does not and has not infringed any asserted claim of the '014 patent in any manner.

30. As a result of CA's actions and statements, including the filing of the Complaint and its allegations that Netflix infringes one or more enforceable claim of the '014 patent, there

exists an actual, continuing, justiciable case or controversy between Netflix and CA as to whether the ’014 patent is infringed by Netflix.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Netflix is entitled to a judgment finding that the ’014 patent is not infringed by Netflix.

**SIXTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,646,014 (“014 PATENT”))**

32. The preceding paragraphs are incorporated here by reference.

33. The claims of the ’014 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, including because the alleged invention thereof lacks utility; attempts to claim patent-ineligible subject matter; is taught by, suggested by, and/or, obvious in view of, the prior art; is indefinite; and/or is not adequately supported by the written description of the patented invention.

34. As a result of CA’s actions and statements, including the filing of the Complaint and its allegations that Netflix infringes one or more valid and enforceable claims of the ’014 patent, there exists an actual, continuing, justiciable case or controversy between Netflix and CA as to whether the ’014 patent is infringed by Netflix.

35. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Netflix is entitled to a judgment finding that every claim of the ’014 patent is invalid and unenforceable.

**SEVENTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,402,098 (“098 PATENT”))**

36. The preceding paragraphs are incorporated here by reference.

37. Netflix does not and has not infringed any asserted claim of the ’098 patent in any manner.

38. As a result of CA's actions and statements, including the filing of the Complaint and its allegations that Netflix infringes one or more enforceable claim of the '098 patent, there exists an actual, continuing, justiciable case or controversy between Netflix and CA as to whether the '098 patent is infringed by Netflix.

39. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Netflix is entitled to a judgment finding that the '098 patent is not infringed by Netflix.

**EIGHTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,402,098 ("098 PATENT"))**

40. The preceding paragraphs are incorporated here by reference.

41. The claims of the '098 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, including because the alleged invention thereof lacks utility; attempts to claim patent-ineligible subject matter; is taught by, suggested by, and/or, obvious in view of, the prior art; is indefinite; and/or is not adequately supported by the written description of the patented invention.

42. As a result of CA's actions and statements, including the filing of the Complaint and its allegations that Netflix infringes one or more valid and enforceable claims of the '098 patent, there exists an actual, continuing, justiciable case or controversy between Netflix and CA as to whether the '098 patent is infringed by Netflix.

43. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Netflix is entitled to a judgment finding that every claim of the '098 patent is invalid and unenforceable.

**NINTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,911,938 ("938 PATENT"))**

44. The preceding paragraphs are incorporated here by reference.

45. Netflix does not and has not infringed any asserted claim of the ’938 patent in any manner.

46. As a result of CA’s actions and statements, including the filing of the Complaint and its allegations that Netflix infringes one or more enforceable claim of the ’938 patent, there exists an actual, continuing, justiciable case or controversy between Netflix and CA as to whether the ’938 patent is infringed by Netflix.

47. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Netflix is entitled to a judgment finding that the ’938 patent is not infringed by Netflix.

## TENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,911,938 (“938 PATENT”))

48. The preceding paragraphs are incorporated here by reference.

49. The claims of the ’938 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, including because the alleged invention thereof lacks utility; attempts to claim patent-ineligible subject matter; is taught by, suggested by, and/or, obvious in view of, the prior art; is indefinite; and/or is not adequately supported by the written description of the patented invention.

50. As a result of CA’s actions and statements, including the filing of the Complaint and its allegations that Netflix infringes one or more valid and enforceable claims of the ’938 patent, there exists an actual, continuing, justiciable case or controversy between Netflix and CA as to whether the ’938 patent is infringed by Netflix.

51. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Netflix is entitled to a judgment finding that every claim of the ’938 patent is invalid and unenforceable.

## EXCEPTIONAL CASE

52. On information and belief, this is an exceptional case entitling Netflix to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, CA's assertion of the Patents-in-Suit against Netflix with the knowledge that Netflix does not infringe any valid or enforceable claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Netflix requests that the Court enter a judgment in its favor and against CA by:

1. For a judgment dismissing CA's Complaint against Netflix with prejudice;
2. For a judgment that the Patents-in-Suit, and each and every claim thereof, are not infringed, invalid, and unenforceable;
3. Awarding damages to Netflix;
4. Awarding Netflix expenses, costs, and attorney' fees pursuant to Federal Rule of Civil Procedure 54(d); and
5. For an order that Netflix is the "prevailing party" with respect to CA's patent claims and that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and for an award granting Netflix its reasonable attorneys' fees and costs, as permitted by law or equity;
6. Awarding Netflix such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs' demand of a trial by jury does not require a response. Netflix demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: November 8, 2021

KEKER, VAN NEST & PETERS LLP

By: */s/ Sharif E. Jacob*

ROBERT A. VAN NEST
LEO L. LAM
PAVEN MALHOTRA
SHARIF E. JACOB
EDWARD A. BAYLEY
633 Battery Street
San Francisco, CA 94111-1809
Tel: 415 391 5400
Fax: 415 397 7188

GILLAM & SMITH LLP
MELISSA R. SMITH
State Bar No. 24001351
303 S. Washington Avenue
Marshall, Texas 75702
Tel: 903-934-8450
Fax: 903-934-9257
melissa@gillamsmithlaw.com

Attorneys for Defendant NETFLIX, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 8th day of November, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith