IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CA, INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>*Plaintiff,*<br><br>v.<br><br>NETFLIX, INC.,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§ Case No. 2:21-cv-00080-JRG-RSP<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before for the Court are five motions:

- Motion to Compel Documents Relating to Consumer Surveys and Studies Concerning the Accused Netflix Streaming Services ("MTC: Consumer Surveys") filed by Plaintiffs CA, Inc. and Avago Technologies International Sales PTE (collectively, "CA"), Dkt. No. 117;
- Motion to Compel Plaintiffs to Produce Licensing Information ("MTC: Licensing Information") filed by Defendant Netflix, Inc., Dkt. No. 120;
- Motion to Compel Source Code and Technical Documents ("MTC: Source Code") filed by CA, Dkt. No. 126;
- Motion to Compel Plaintiffs to Produce Financial Information ("MTC: Financial Information") filed by Netflix, Dkt. No. 143; and
- Motion to Compel Netflix's Agreement with Amazon Web Services (AWS) filed by CA, Dkt. No. 145.

On November 12, 2021, the Court set all five motions for a hearing. At the hearing, the Court only heard arguments on the MTC: Consumer Surveys, MTC: Licensing Information; and the arguments related to source code on the MTC Source Code. Additionally, the Court heard arguments related to issues with 30(b)(6) and 30(b)(1) depositions.

In accordance with the hearing, for the MTC: Consumer Surveys, the Court **ORDERS** CA to further tailor the description of the documents it seeks and to provide the tailored description to Netflix promptly but no later than November 15. The Court further **ORDERS** the parties to file a

joint statement—no later than November 22—informing the Court of the status of document production related to consumer surveys.

For the MTC: Licensing Information, Netflix sought production of documents related to three categories: (1) all licenses related to the patents-in-suit or related patents; (2) all licenses related to patents that are comparable to the patents-in-suit; and (3) the underlying documents related to negotiations of licenses for the patents-in-suit, related patents, and comparable patents. During the hearing, CA informed the Court that it had identified numerous licenses that could relate to Netflix's document request; however, CA had not produced these out of concerns related to third-party confidentiality. Because these documents could be related to Netflix's request, the Court **ORDERS** CA to make available all of the licenses it has identified on a secure computer in the office of CA's counsel that is most convenient to Netflix. Additionally, the parties are directed to meet-and-confer to determine the date on which the secure computer is to be made available and how Netflix is permitted to takes notes. Finally, once Netflix has completed its review, the parties shall meet and confer concerning production of any licenses Netflix has identified as relevant. On the final category, Netflix's request—*all* underlying negotiation documents—is far too broad and it conflicts with the policy of encouraging settlement negotiations. Any probative value is outweighed by the burden, confusion and risk of unfair prejudice. Therefore, the Court **DENIES-IN-PART WITHOUT PREJUDICE** Netflix's MTC: Licensing Information related to the third category of documents. Netflix may refile its motion if it identifies specific licenses and can articulate good cause for the production of the underlying negotiation documents.

For the MTC: Source Code, CA identified specific categories of source code for which it argued that production was deficient. The Court **GRANTS-IN-PART** the MTC: Source Code, specifically for Source Code Categories 5, 7, and 9-12. For Categories 5, 7, 9, and 11, Netflix is to

produce all the remaining source code that falls within these categories. For Category 7, Netflix is to produce source code related to its Playback Apps and Steering Service. For Categories 10 and 12, Netflix is to produce all source code related to the modules Ian Walsh identified during his deposition. The remaining Source Code Categories—1, 4, 8—are all denied as moot: Category 1 was mooted by information provided at the hearing; Category 4 was mooted by an agreement between the parties; and Category 8 was mooted by granting production of Category 7.

For 30(b)(1) and 30(b)(6) depositions, the parties agreed to exchange—no later than the end of the day of November 15—a list containing the names of witness, the topics each witness will address, and dates each witness is available. The parties will then meet-and-confer on deposition scheduling and other discovery related issues on November 16.

Finally, the Court **ORDERS** the hearing **CONTINUED** to November 17 at 1:30 PM to hear arguments on the remaining motions and any additional issues.

**SIGNED this 16th day of November, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE