IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CA, INC. and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | No. 2:21-cv-00080-JRG-RSP<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

# JOINT STATUS REPORT REGARDING DOCUMENTS RELATED TO CONSUMER SURVEYS

Pursuant to the Court's November 16, 2021, Order on the parties' motions to compel, including Plaintiffs Motion to Compel Documents Relating to Consumer Surveys and Studies Concerning the Accused Netflix Streaming Services [ECF 165], Plaintiffs CA, Inc. and Avago Technologies International Sales Pte. Limited (collectively, "CA") and Defendant Netflix, Inc. state the following:

**Joint Statement:**

On October 13, 2021, Plaintiffs moved to compel documents related to consumer surveys and studies concerning the accused Netflix Streaming Service.  Dkt. 117.  On November 2, 2021, the Court ordered Netflix to produce by November 8, 2021, consumer insights studies that analyze consumer preferences related to Netflix's streaming technology, which Netflix did.  At the November 12 hearing, Plaintiffs again raised their motion to compel with the Court, and the Court ordered the parties to meet and confer and file a joint status report on the status of Netflix's document production related to consumer surveys by November 22, 2021.  Dkt. 161.

The parties have met and conferred and agree that Netflix will produce the following documents that it is able to locate following a reasonably diligent search:

- All surveys that attempt to measure (at least in part) the impact of consumers' experience with rebuffering, video quality, bitrate, network, delay, time to load, user profiles, the availability of Netflix on multiple devices, Netflix's personalization and recommendation features, or the "continue watching" feature on consumers' decisions to choose Netflix's subscription-based streaming service over other streaming services, or any surveys that otherwise attempt to measure the extent to which consumers value the foregoing aspects or features of Netflix's service.

- All surveys that attempt to measure (at least in part) the impact of Netflix's use of user profiles, personalization or recommendations, content delivery networks, and/or adaptive streaming technologies on user engagement, customer satisfaction, and user retention that Netflix has achieved.

**Plaintiffs' Further Statement:**

Other than the 298 reports and presentations Netflix produced on November 8, 2021, which prompted Plaintiffs' renewed discussion of its Motion to Compel Documents Relating to Consumer Surveys and Studies [ECF 117] at the November 12 hearing, Netflix has not produced any consumer surveys, underlying data, or related documentation.

In addition, Netflix's Further Statement below as to what search Netflix is planning to perform is inconsistent with the search ordered by the Court, which specifically instructed Netflix not to limit its search to the Consumer Insights team, but rather, include any group or department that it is reasonably able to identify as potentially maintaining responsive documents, and the search for underlying survey data must not be limited to surveys identified in the 298 reports produced by Netflix on November 8.

Plaintiffs believe that Netflix has had sufficient time to search for and collect the remaining responsive documents and survey data, and Netflix's representation that as of today—ten days after the November 12 hearing—Netflix has collected the underlying survey data for only a single survey evidences a lack of diligence that continues to prejudice Plaintiffs.

**Netflix's Further Statement:**

Netflix disagrees with Plaintiffs' characterization of the search ordered by the Court. To date, Netflix has conducted a reasonable and diligent search of the central repository of studies and reports relating to consumer surveys maintained by Netflix's Consumer Insights team, the only group or department that Netflix has so far been reasonably able to identify as potentially maintaining responsive documents. As a result of that search, Netflix collected and produced all such studies and reports relating to streaming technology, which would include reports or summaries discussing surveys responsive to the categories above, on November 8, 2021. In satisfaction of its obligation to conduct a reasonably diligent search for the surveys responsive to the categories above, Netflix is currently in the process of examining these reports and studies for discussions of any potentially responsive surveys (including without limitation those surveys specifically identified by Plaintiffs in email correspondence) and for each such survey, conducting a search for (and collect for production) any underlying survey data in its possession, custody, or control. So far, Netflix has been able to locate and collect the underlying survey data for at least one responsive survey and is currently in the process of conducting a reasonably diligent search to collect the underlying survey data for any additional surveys responsive to the categories above. Netflix anticipates that it will be able to begin making a rolling production of the survey data on or before November 30, 2021.

//

//

Dated: November 22, 2021

| | |
|---|---|
| Respectfully submitted,<br><br>KEKER, VAN NEST & PETERS LLP<br><br>*/s/ Edward A. Bayley*<br>ROBERT A. VAN NEST<br>LEO L. LAM<br>PAVEN MALHOTRA<br>SHARIF E. JACOB<br>EDWARD A. BAYLEY<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Tel: 415 391 5400<br>Fax: 415 397 7188<br><br>GILLAM & SMITH LLP<br>MELISSA R. SMITH<br>State Bar No. 24001351<br>303 S. Washington Avenue<br>Marshall, Texas 75702<br>Tel: 903-934-8450<br>Fax: 903-934-9257<br>melissa@gillamsmithlaw.com<br><br>Attorneys for Defendant NETFLIX, INC. | Respectfully submitted,<br><br>*/s/ Adrienne E. Dominguez*<br>Bruce S. Sostek, Attorney-in-Charge<br>  State Bar No. 18855700<br>  bruce.sostek@hklaw.com<br>Richard L. Wynne, Jr.<br>  State Bar No. 24003214<br>  richard.wynne@hklaw.com<br>Adrienne E. Dominguez<br>  State Bar No. 00793630<br>  adrienne.dominguez@hklaw.com<br>Austin Teng<br>  State Bar No. 24093247<br>  austin.teng@hklaw.com<br><br>**HOLLAND & KNIGHT LLP**<br>One Arts Plaza<br>1722 Routh Street, Suite 1500<br>Dallas, Texas 75201<br>214.969.1700<br>214.969.1751 (fax)<br><br>Samuel F. Baxter<br>  State Bar No. 01938000<br>  sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>  State Bar No. 24012906<br>  jtruelove@mckoolsmith.com<br><br>M<small>C</small>KOOL SMITH, P.C.<br>104 East Houston Street, Suite 300<br>Marshall, Texas 75670<br>903.923.9000<br>903.923.9099 (fax)<br><br>A<small>TTORNEYS FOR</small> P<small>LAINTIFFS</small> CA, I<small>NC.</small> and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED |

1770228

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 22nd day of November, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Edward A. Bayley*<br>
EDWARD A. BAYLEY

1770228